**Yamango D. JILES, Sr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 02–2340.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 13, 2003.*

Decided Aug. 18, 2003.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### Order

In this collateral attack under 28 U.S.C. § 2255, the district court declined to hold an evidentiary hearing on Jiles's contention that his lawyer provided ineffective assistance. The judge wrote that one aspect of the claim–a contention that counsel failed to explain the sentence that could ensue if Jiles declined the prosecutor's offer of a plea bargain–was refuted by other portions of Jiles's own submission, and that none of the remaining specifications could support a finding of prejudice. This is so, the judge wrote, because on direct appeal "[t]he Court of Appeals specifically rejected the claim that the evidence in the case was insufficient to support petitioner's conviction."

The district judge apparently assumed that it is impossible to show prejudice whenever the evidence permitted a rational jury to convict. If this is so, then the doctrine of ineffective assistance is defunct, for it would apply only when the conviction must be set aside anyway, on other grounds. The district judge's understanding is not correct, however. What is required is not proof of factual innocence but a demonstration that, but for counsel's unprofessional conduct, there is a reasonable probability that the outcome would have been different. See, e.g., *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).

One of Jiles's arguments is that his lawyer failed to investigate exculpatory evidence and failed to interview witnesses for the defense. Arguments of this kind have the potential to establish both deficient performance and prejudice, whether or not the prosecution's evidence was sufficient to support a conviction. See, e.g., *Wiggins v. Smith,* —— U.S. ——, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). Jiles also contends that his lawyer refused to allow him to testify, despite his wish to do so, and informed him that counsel's view trumps that of the client. If counsel actually said this, it is inexcusable behavior that likewise has the potential to establish prejudice for purposes of *Strickland.*

The United States contends that the district judge's misunderstanding is harmless because the potential witnesses might have refused to be interviewed or might have invoked their privilege against compulsory self-incrimination. Without an evidentiary hearing, however, we will never

---

* This successive appeal has been submitted to the original panel, see Operating Procedure 6(b), which after an examination of the briefs and the record has concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

know what the other witnesses might have done in response to investigatory steps by counsel; and it is difficult to assess the potential significance of testimony without knowing what witnesses would have said. As for the claim that counsel prevented Jiles from testifying: the United States contends that, without an affidavit from counsel *confessing* to an unlawful interference with the defendant's right to testify, no hearing is needed. It attributes this rule to *Underwood v. Clark*, 939 F.2d 473 (7th Cir.1991), which said nothing of the kind. We held in *Underwood* that a defendant's impressions about the purport of counsel's advice were not enough; the court needs details of who said what, details that can come from counsel if not from the defendant. Jiles, however, has furnished such details. Such a specific affidavit does not need corroboration from the very person accused of wrongdoing. See *Taylor v. United States*, 287 F.3d 658 (7th Cir.2002). We find it is troubling that the United States has chosen to rely on *Underwood* without mentioning *Taylor*—a recent case stemming from the same district and United State's Attorney's office.

Accordingly, we vacate the judgment of the district court and remand for an evidentiary hearing. See *Massaro v. United States*, —— U.S. ——, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This step does not imply that counsel's performance *was* substandard; perhaps Jiles is not telling the truth about what happened. There is also a possibility that Jiles no longer accurately recollects key conversations—for, as we observed in *Taylor*, counsel sensibly may discourage testimony in many cases even though the decision whether to testify must rest with the client. An evidentiary hearing is required to sort things out. Once the evidence is in, the court can assess both the performance and the prejudice issues.